# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00165-MR
# [CRIMINAL CASE NO. 1:14-cr-00026-MR-DLH-2]

| | |
|---|---|
| TABATHA DIANNE BLACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

This matter is before the Court on an initial screening of the petition under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the following reasons, the Court finds that the motion to vacate appears to be untimely as to Petitioner's ineffective assistance of counsel claim. 28 U.S.C. § 2255(f).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the

filing of a motion to vacate. Such amendment provides:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner pled guilty to the offense of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a), on May 21, 2014. [Criminal Case No. 1:14-cr-26-MR-DLH-2, Doc. 56: Judgment]. On February 12, 2015, this Court sentenced Petitioner to 210 months' imprisonment. Judgment was entered on February 19, 2015, and Petitioner did not appeal. [Id.]. Petitioner's conviction, therefore, became final fourteen days later for purposes of Section 2255(f) when the time for filing a notice of appeal expired. See

United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); Fed. R. App. P. 4(b)(1)(A).

Petitioner placed her Section 2255 motion to vacate in the prison system for filing on May 30, 2018, and it was stamp-filed in this Court on June 11, 2018. Petitioner brings two claims in her motion to vacate: (1) a claim pursuant to the Supreme Court case of Sessions v. Dimaya, 138 S. Ct. 1204 (2018), issued on April 17, 2018; and (2) an ineffective assistance of counsel claim. Although Petitioner's Dimaya claim appears to be timely because the claim was filed within one year of Dimaya, it appears that Petitioner's ineffective assistance of counsel claim is untimely. In Section 18 of the petition regarding timeliness, Petitioner states only that her petition is timely based on "new Supreme Court case law as of April 17, 2018." [Doc. 1 at 10]. Thus, Petitioner has addressed timeliness only as to her Dimaya claim.

The Court will grant Petitioner thirty (30) days to file a response explaining why her ineffective assistance of counsel claim should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court

pursuant to Hill for determination of timeliness of § 2255 Motion). Once Petitioner files her response, the Court will prepare an order reviewing both of her claims.[1]

**IT IS, THEREFORE, ORDERED** that Petitioner shall have thirty (30) days from the entry of this Order to file a written response, explaining why her ineffective assistance of counsel claim should not be dismissed as untimely. If Petitioner does not file such response within thirty (30) days from the entry of this Order, the ineffective assistance of counsel claim may be dismissed without further notice.

**IT IS SO ORDERED.**

Signed: September 25, 2018

Martin Reidinger
United States District Judge

---

[1] It appears that the Dimaya holding does not apply to Petitioner's conviction or sentence, but the Court will address the merits of that issue in a subsequent order after Petitioner addresses the timeliness issue as to her ineffective assistance of counsel claim.